T.C. Memo. 1996-553

UNITED STATES TAX COURT

THOMAS GLEN PRESLEY, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18785-94.                    Filed December 23, 1996.

Thomas Glen Presley, pro se.

Michael D. Zima, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

DEAN, Special Trial Judge:  This case was assigned pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182.[1]

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioner's 1992 Federal income tax in the amount of $2,506 and an accuracy-related penalty under section 6662(a) in the amount of $501.

The issues for decision are: (1) Whether petitioner is entitled to deductions for dependency exemptions; (2) whether petitioner is entitled to head of household filing status; (3) whether petitioner is entitled to an earned income credit; and (4) whether petitioner is liable for the accuracy-related penalty under section 6662(a).

Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits received into evidence are incorporated herein by reference. Petitioner resided in Tampa, Florida, at the time he filed his petition.

### FINDINGS OF FACT

During 1992, petitioner resided in Tampa, Florida. Petitioner lived apart from his wife, Dorothy Presley, at all times in 1992.

On his 1992 Federal income tax return petitioner used head of household filing status and claimed three dependency exemptions; one each for himself, his son (Thomas Howard Presley), and his daughter (Leah Marie Presley). He also claimed an earned income credit in the amount of $1,835.

### OPINION

Respondent's determinations are presumed correct, and petitioner bears the burden of proving otherwise. Rule 142(a);

_Welch v. Helvering_, 290 U.S. 111, 115 (1933).  Moreover, deductions are a matter of legislative grace, and petitioner bears the burden of proving that he is entitled to any deduction claimed.  Rule 142(a); _New Colonial Ice Co. v. Helvering_, 292 U.S. 435, 440 (1934); _Welch v. Helvering_, _supra_ at 115.

1.  Dependency Exemptions

Respondent determined that petitioner is not entitled to claim any dependency exemptions other than for himself.

Section 151(c)(1) allows a taxpayer to claim an exemption for each dependent (as defined by section 152) whose gross income is less than the exemption amount or who is a child of the taxpayer and meets certain age requirements.  Section 152(a)(1) provides that the term "dependent" includes a taxpayer's child "over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer (or is treated under subsection (c) or (e) as received from the taxpayer)".

In the case of a child whose parents live apart at all times during the last 6 months of the calendar year, generally the custodial parent (i.e., the parent having custody of the child for the greater portion of the calendar year) is treated as providing over one-half of the support of the child.  Sec. 152(e)(1).  An exception to this general rule exists, however, where the custodial parent signs a written declaration that such custodial parent will not claim such child as a dependent, and

the noncustodial parent attaches such written declaration to the noncustodial parent's return for the taxable year.  Sec. 152(e)(2).

Although petitioner provided inconsistent testimony as to where the children resided during 1992, he did admit that they were with him "on and off" and that they attended elementary school for the entire year in Zephyr Hills, the town where his wife was living.  Petitioner estimated that Zephyr Hills is approximately 25 miles away from Tampa.

Based on the record, petitioner has not proven that he had custody of the children for the greater portion of the calendar year.  Consequently, petitioner's wife, as the custodial parent, is deemed to have provided more than half the support of the children, pursuant to the general rule of section 152(e)(1).

Petitioner has further not established that an exception to the general rule of section 152(e)(1) (whereby the custodial parent is treated as providing over one-half of the support of the child) is applicable.  At trial, petitioner submitted a Form 8332 (Release of Claim to Exemption for Child of Divorced or Separated Parents), wherein Dorothy Presley ostensibly released her claim to exemptions for the children for the 1992 tax year.  However, this form is dated February 8, 1994, and it was not attached to petitioner's Form 1040A, which is dated February 27, 1993.  Consequently, petitioner has not established that the exception provided for in section 152(e)(2) is applicable to this

case.  Sec. 152(e)(2)(B); see also sec. 1.152-4T, Q & A-3, Temporary Income Tax Regs., 49 Fed. Reg. 34459 (Aug. 31, 1984).

Petitioner has not shown that he was the custodial parent of his children under section 152(e)(1) or that he timely filed a Form 8332.  It follows, therefore, that petitioner is not entitled to claim dependency exemption deductions for his children for the year 1992 because they are not his dependents as that term is defined in section 152(a).

2.  Head of Household Filing Status

Respondent determined that petitioner is not entitled to head of household filing status because he did not satisfy the requirements necessary for a married taxpayer to claim such status.

One of the requirements to qualify for head of household filing status is that an individual must not be married at the close of the taxable year.  Sec. 2(b).  However, a married taxpayer can meet the "not married" requirement if he is treated as not married under section 7703(b).  Sec. 2(c).

Section 7703(b) provides that a married taxpayer living apart from his spouse with a dependent child will not be considered as married if:  (1) He files a separate tax return; (2) he pays more than half the cost of maintaining his household for the tax year; (3) his spouse is not a member of the household during the last six months of the tax year; and (4) the household is for more than one-half of the taxable year the principal place

of abode of the taxpayer's child for whom the taxpayer can claim a dependency exemption.

As discussed above, petitioner has failed to establish that his household was for more than one-half of the taxable year the principal place of abode of either of his children, and that he is entitled to claim a dependency exemption for either of the children.  Accordingly, we hold that petitioner is not entitled to head of household filing status for 1992.

3.  Earned Income Credit

Respondent determined that petitioner is not entitled to an earned income credit because he did not file a joint return with his wife.

Section 32 provides for an earned income credit for certain "eligible individuals".  Section 32(d) provides, however, that a married individual (within the meaning of section 7703) is only eligible for the earned income credit if a joint return is filed for the taxable year.

Petitioner, a married individual within the meaning of section 7703, did not file a joint return for 1992.  It follows, therefore, that petitioner is not entitled to an earned income credit for 1992.  Sec. 32(d).[2]

_____

[2]Additionally, petitioner has failed to establish that he is an "eligible individual" for purposes of the earned income credit.  Sec. 32(c)(1)(A) defines an "eligible individual" as any individual who has a "qualifying child" for the taxable year.  Sec. 32(c)(3)(A) defines a "qualifying child" as an individual
(continued...)

## 4. Accuracy-Related Penalty

Finally, respondent determined that petitioner is liable for the accuracy-related penalty under section 6662(a).

The accuracy-related penalty is equal to 20 percent of any portion of underpayment attributable to a taxpayer's negligence or disregard of rules or regulations. Sec. 6662(a) and (b)(1). The term "negligence" includes any failure to do what a reasonable and ordinarily prudent person would do under the same circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). The term "disregard" includes any careless, reckless, or intentional disregard. Sec. 6662(c). The penalty does not apply to any portion of an underpayment for which there was reasonable cause and with respect to which the taxpayer acted in good faith. Sec. 6664(c). Respondent's determination imposing the accuracy-related penalty is presumed correct, and taxpayers bear the burden of proving that they are not liable for the accuracy-related penalty imposed by section 6662(a). Rule 142(a); Tweeddale v. Commissioner, 92 T.C. 501, 505 (1989).

Petitioner offered no evidence to meet his burden of proof with respect to the accuracy-related penalty, and, accordingly, we sustain respondent on this issue.

---

(...continued)
who, among other things, has the same principal place of abode as the taxpayer for more than one-half of the taxable year. As discussed above, petitioner has failed to establish that either of his children had the same principal place of abode as he did for more than one-half of the taxable year.

To reflect the foregoing,

Decision will be entered

for respondent.